In the Matter of IRVING V. A. HUIE et al., Constituting the Board of Water Supply of the City of New York, Petitioners, Relative to Acquiring Title to Real Estate for and on Behalf of the City of New York, in Sullivan County, for the Purpose of Providing Additional Water for the City of New York. FRIEDMAN'S LAKE VIEW HOTEL, INC., Claimant.

Supreme Court, Special Term, Ulster County, June 13, 1955.

*Louis B. Scheinman* for claimant.

*Peter Campbell Brown, Corporation Counsel (Theodore R. Lee* and *Francis T. Murray* of counsel), for petitioners.

Schirick, J. This is a motion by the claimant for an examination before trial. The City of New York has made a cross motion to dismiss the claim. Such cross motion will first be considered.

This is a condemnation proceeding brought by the City of New York pursuant to title K of chapter 41 of the Administrative Code of the City of New York. Title has been acquired in fee to various parcels of real property in the County of Sullivan for the construction of the Neversink Reservoir and easements to permit diversion of the waters of the Neversink River at the point of the Neversink Dam. Owners of lower riparian properties are accorded by statute the right to prove their damages sustained by reason of the acquisition of their water rights before commissioners of appraisal appointed for that purpose.

Claimant does not contend that it is a riparian owner. It does allege in its claim, however, that it owns property not taken in this proceeding which has been " directly and indirectly decreased in value by reason of the execution of the plans for the acquisition by the petitioner for a water supply from the Delaware watershed within said County of Sullivan." Such allegation would appear to fall within the broad language of section K41–44.0 of the Administrative Code: " The owner of any real estate, not taken, situate in any one or more of the counties of Ulster, Delaware, Orange or Sullivan, or of any established business, directly or indirectly decreased in value by reason of the execution of any plans for or by the acquisition of land by the city for a water supply from the Rondout and Delaware watersheds within such counties, or any of them, pursuant to. law, his or its assigns, or personal representatives shall have a right to damages for such decrease in value, from the time of the beginning of such decrease in value ".

That claimant had leased its property would appear to be of no moment. It is still " the owner of real estate " although not " of any established business " within the language of the section. Neither is it material, so far as the legal sufficiency of the claim is concerned, that the waters first became unavailable for use prior to the actual acquisition or diversion date. It is

alleged that such unavailability has continued by reason of the diversion. It would, in any event, suffice for the purpose of the section in question to show that the damage occurred by reason of the execution of the city's plans.

The city's main argument is to the effect that claimant's alleged lack of status as a riparian owner is fatal to its claim. The claimant does, however, allege that it has used the waters of the Neversink River by virtue of legal right to do so. Such use has been continuous for a period of twenty-eight years. The court cannot, upon this motion, adjudicate such use to have been trespasses upon the lands of another, not a party to this proceeding. If the use was not unlawful, the claimant has been damaged and it is immaterial that its land does not extend to the stream.

The motion to dismiss is, accordingly, denied.

The motion for examination before trial is granted. The provisions of article 29 of the Civil Practice Act are applicable alike to actions and to special proceedings. (Civ. Prac. Act, § 308.) The informal nature of the hearings before the commissioners of appraisal furnishes no argument against such examination. Claimant is entitled to all facilities for adequate preparation for trial, whether such trial be formal or informal.

Submit order.