Isadore Bookstein, J.
Petitioners move for confirmation of the tenth separate report of the commissioners of appraisal, James R. Gereghty, Andrew M. Piekney and Harry Borden, dated November 27, 1957 and filed in the office of the Clerk of Sullivan County on January 7, 1958. There were no other appearances in opposition thereto, and, accordingly, the motion with reference to said report is granted.
Petitioners also move to confirm the eleventh separate report of the same commissioners, dated January 6, 1958, and filed in the office of the Clerk of Sullivan County, on January 7,1958.
The city moved to reject the award so far as it applies to Barsky Realty Corp., parcels 101,102 and 103, but has by stipulation in open court withdrawn such motion and consents to a confirmation of such award, subject to the following title objections: A release is to be procured from Jack Barsky, Vicky Barsky and Flagler Golf and Country Club and the award is to be subject to an assignment to the Ellenville National Bank.
*1058 As to claimant Barsky Realty Corp., therefore, the report is confirmed subject to the matter set forth in the preceding-paragraph herein.
The two claimants, Friedman’s Lake View Hotel, Inc. and Rebecca Schwartz, oppose confirmation and cross-move for a rejection of said report, so far as they are concerned. Except as to such claimants, there has been no appearance in opposition to petitioners’ motion. Hence as to all, except the above-named two claimants, the motion to confirm that report is granted.
In the case of claimant, Schwartz, the commissioners unanimously found that claimant sustained no damage under section K41-44.0 of the Administrative Code of the City of New York.
In the case of claimant, Friedman’s Lake View Hotel, Inc., two of the commissioners found to the same effect. Commissioner Borden dissented and found the damage to the latter claimant to be $25,000.
The report, as presented for confirmation, is easily susceptible of misinterpretation of what the commissioners intended to report. In its present state, it may easily be construed to mean that the commissioners of appraisal intended thereby to indicate that the two objecting- claimants, in fact, suffered no damage. Actually, the commissioners did not intend to so indicate. What they actually meant is that even if these claimants sustained damage, they are not entitled to any award, as a matter of law, because they are nonriparian owners. One of the commissioners wrote to that effect to the corporation counsel, on behalf of himself and a co-commissioner and stated that ‘ ‘ the report as filed should be corrected so that the Special Term Justice will understand that we made no award to either claimant because we felt that the City of New York was not bound to pay for damages sustained by non-riparian owners ”.
Nevertheless, the report was not changed but is presented for confirmation in its original form.
As to the significance of commissioner Borden’s finding of $25,000 damage in the case of one of the claimants, we are asked to indulge in speculation as to his reasons therefor. Each of the parties indulges in a different speculation. That claimant even indulges in the speculation that commissioner Borden deemed its parcel to be riparian, as the only consistent explanation for the finding of no damage in the case of the other objecting claimant.
As a matter of fact, in the case of claimant, Friedman’s Lake View Hotel, Inc., petitioners made a motion to dismiss the claim, on the ground that such claimant was not a riparian owner. *1059 That motion was denied, Justice Schirick holding that under the Administrative Code lack of status as a riparian owner is not fatal to a claim for damages. In his opinion, Justice Schirick stated: “If the use was not unlawful, the claimant has been damaged and it is immaterial that its land does not extend to the stream ”. (Matter of Huie [Friedman’s Lake View Hotel], 208 Misc. 82, 84.)
In the report in question, there is no finding that the use of the water of the Never sink Eiver by claimants was unlawful. The denial of an award, according to the letter of commissioner Pinckney on behalf of himself and commissioner Gereghty, is solely on the ground that the claimants are nonriparian owners. This, it seems to me, flies directly in the teeth of the decision of Justice Schirick.
Moreover, petitioners appealed to the Appellate Division, Third Department, from the aforesaid determination of Justice Schirick, and thereafter abandoned and discontinued the appeal.
In the matter of the claim of Ella Geiselhart, Justice Schirick denied a motion to confirm as inadequate an award to her although she was not a riparian owner. He held unequivocally therein that section K41-44.0 of the Administrative Code 4 ‘ requires the City to compensate the owners of real property not actually taken in condemnation for any decrease in the value thereof directly or indirectly by reason of the acquisition of other lands by the City or by reason of its execution of plans for the acquisition of other lands by the City or by reason of its execution of plans for the acquisition of an additional water supply ”. His decision was affirmed (Matter of Huie [Geiselhart], 2 A D 2d 785).
It seems to me, then, that the clear duty of the commissioners was to determine the decrease in value, if any, directly and indirectly, of the real property of claimants “by reason of the acquiring of land by the city * * * or by reason of the execution of any plans for such additional water supply”. (Administrative Code, § K41-44.0.)
Indeed, the parties apparently tried the case before the commissioners on the basis of claimants ’ being nonriparian owners, the claimants having expressly stipulated to that effect.
So far as the testimony of the experts for the city is concerned, to the effect that claimants suffered no loss in value, they expressly admitted that their conclusions were premised on the fact that claimants were not riparian owners.
In the brief of the City of New York before the commissioners, at page 22 the following statement appears: “ Our contention that the claimant is not entitled to an award is in accord with *1060 the traditional rule that the only persons entitled to complain of diversion are riparian owners whose rights are thereby infringed 93 C. J. S. 63 p. 728
The determination in this case by Justice Schirick is, in effect, that the general rule thus stated does not apply, under the language of the Administrative Code. (See, also, Matter of Huie [Bouw], 282 App. Div. 819; Matter of Huie [Geiselhart], 2 A D 2d 785.)
The matter of witness fees and expenses of the claimants has also been improvidently handled. The report makes no recommendation for these items. Commissioner Pinckney on behalf of himself and commissioner Grereghty advises that they had recommended payment of those items. As to the amounts thereof, the attorney for petitioners wrote to the attorney for claimants that the commissioners had gone over the bills and tentatively approved same at amounts indicated in his letter. Yet, even such tentatively approved amounts are not included in the report. Moreover, they should not have been passed upon, with the city represented and the claimants not represented. The report does not contain the amounts for which the bills were filed nor the amounts for which they were tentatively approved.
The motion to confirm the eleventh report as to the two objecting claimants is denied. The cross motion to reject same is granted. As to the two objecting claimants, a new trial should be had before a new commission.
Evidence of rental value is an element to he considered on the question of damage which the property has suffered.
The matter of the allowance for witnesses should be deferred until there has been a confirmation of the final report of appraisal. Such procedure seems to be the accepted practice. (Unreported opinions of Justice Bergah [1942] and Justice Schenck [1944] in Matter of Gillespie.)
As to the matters confirmed, an order is to be submitted by petitioners.
As to the cross motion and denial of confirmation of the two objecting claimants, an order is to be submitted by their attorneys.